```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X
UNITED STATES OF AMERICA,

        - against -                          MEMORANDUM AND ORDER

CHRISTOPHER PEREZ,                           04 Cr. 937-1 (NRB)

                Defendant.
----------------------------------------X
```
**NAOMI REICE BUCHWALD**
**UNITED STATES DISTRICT JUDGE**

Defendant Christopher Perez pled guilty to a murder while engaged in a narcotics conspiracy, in violation of 21 U.S.C. § 848(e)(1)(A), and was sentenced on December 10, 2009 to 360 months' imprisonment, of which defendant has served approximately 190 months. See ECF No. 132. Defendant now moves pro se for compassionate release from FCI Lompoc, citing the health risk posed by COVID-19. For the following reasons, defendant's motion is denied.

Defendant moves for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i), which permits a court to "reduce [a] term of imprisonment" if, after considering the factors set forth in 18 U.S.C. § 3553(a), "it finds that . . . extraordinary and compelling reasons warrant such a consideration . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C § 3582(c)(1)(A). A court may reduce a defendant's sentence under Section 3582(c)(1)(A)(i) only "upon motion of the Director of the Bureau of Prisons" or

"upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such request by the warden of the defendant's facility, whichever is earlier."  18 U.S.C. § 3553(c)(1)(A).  Defendant submitted a copy of the memorandum issued by the acting warden of FCI Lompoc, denying his request for compassionate release.  As this motion is brought pro se, it should "be construed liberally to raise the strongest arguments [it] suggest[s]."  Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 479 (2d Cir. 2006).  However, defendant still bears the burden of demonstrating that his release is justified under Section 3582(c)(1)(A).  See United States v. Butler, 970 F.2d 1017, 1026 (2d Cir. 1992).  Because he has failed to do so, his motion is denied.

Defendant claims that he has a pre-existing diagnosis of a degenerative lung condition.  However, defendant has failed to provide any evidence to substantiate that he suffers from a degenerative lung condition, and nothing in the record indicates that defendant is suffering from any medical condition that the CDC has identified as a risk factor for severe illness from COVID-19. See People with Certain Medical Conditions, CDC, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last updated July 30, 2020).  While

2

it is unfortunate that defendant suffered from COVID-19 while in custody,[1] contraction of a disease generally does not constitute an extraordinary and compelling basis for release. The fact that defendant recovered from COVID-19 further supports this conclusion. Moreover, the BOP online record indicates that, as of today, there are only 3 active COVID-19 cases in the FCI Lompoc (1 among 1,060 inmates and 2 staff members). See https://www.bop.gov/coronavirus/. This data significantly undermines the defendant's suggestion that COVID-19 is actively spreading within the FCI Lompoc. Even were we to assume that the risk posed by COVID-19 constituted an extraordinary and compelling basis to release defendant, defendant's motion should be denied because releasing defendant would be inconsistent with the Section 3582(c)(1)(A)'s requirement that any sentence reduction under it shall be consistent with applicable policy statements issued by the Sentencing Commission. Section 1B1.13(2) of the Sentencing Commission's Guidelines provides that a court may not reduce a sentence if the defendant is "a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." U.S.S.G. § 1B1.13(2). Defendant pled guilty to a murder while engaged in a narcotics conspiracy. See Memorandum and Order, dated May 27, 2015 (ECF No. 206) at 2-5. The nature of the crime

---

[1] Defendant submitted a copy of the lab report, indicating that, as of May 6, 2020, defendant tested positive for COVID-19.

committed by defendant precludes any suggestion that, if released, he will not be a danger to the community. Accordingly, defendant's motion should be denied.

Even were we to assume that defendant satisfied his burden under Section 3582(c)(1)(A)(i), which he failed to do, the application of the factors set forth in 18 U.S.C. § 3553(a) would still counsel strongly against release.[2] Those factors include "the nature and circumstances of the offense," as well as the need for the sentence imposed "to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense." 18 U.S.C. § 3553(a)(1), (a)(2)(A). As discussed above, the offense for which defendant is incarcerated arose from the killing of an individual while engaged in a narcotics conspiracy, and defendants has served just above 50% of his sentence. Under the circumstances, consideration of Section 3553(a) factors would not warrant any reduction of defendant's sentence.[3]

---

[2] "[A] court confronted with a compassionate release motion is still required to consider all the Section 3553(a) factors to the extent they are applicable, and may deny such a motion if, in its discretion, compassionate release is not warranted because Section 3553(a) factors override, in any particular case, what would otherwise be extraordinary and compelling circumstances." United States v. Gotti, No. 02 Cr. 743-07 (CM), 2020 WL 497987, at *2 (S.D.N.Y. Jan. 15, 2020).

[3] Defendant also requests appointment of counsel. The Court denies this request because this motion does not present any complicated factual or legal issue.

For the foregoing reasons, the defendant Perez's motion is denied.

**SO ORDERED.**

Dated:   New York, New York
         August 11, 2020

NAOMI REICE BUCHWALD
UNITED STATES DISTRICT JUDGE

5

**<u>Defendant(pro se)</u>**
Christopher Perez

**<u>A copy of the foregoing Memorandum and Order have been mailed to the following</u>**:
Christopher Perez (#39347-198)
FCI Lompoc
3600 Guard Road
Lompoc, CA 93436