UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

-v-

CHRISTOPHER PEREZ,

            Defendant.

---

04 Cr. 937-1 (NRB)

**MEMORANDUM AND ORDER**

**NAOMI REICE BUCHWALD**
**UNITED STATES DISTRICT JUDGE**

    On April 15, 2009, Christopher Perez ("Perez" or "defendant") pled guilty to a murder while engaged in a narcotics conspiracy, in violation of 21 U.S.C. 848(e)(1)(A). On December 9, 2009, this Court sentenced Perez to a term of imprisonment of 360 months, the bottom of the U.S. Sentencing Guidelines range, based on an Offense Level of 42 and a Criminal History Category of I. See ECF No. 217 at 9-10. He faced a Guidelines range of 360 months' to life imprisonment. See id. at 10.

    Defendant has filed a motion for Compassionate Release, relying exclusively on Amendment 821 to the Sentencing Guidelines. See ECF No. 216. Amendment 821, which went into effect on November 1, 2023 and applies retroactively, provides for a potential recalibration of a defendant's sentencing guidelines if he had zero criminal history points or if he committed the instant offense while under a criminal justice sentence. Importantly, a defendant

with zero criminal history must not have "use[d] violence or credible threats of violence in connection with the offense," and the instant office must not have "result[ed] in death or serious bodily injury." U.S. Sent'g Guidelines Manual §§ 4C1.1(a)(3)-(4).

Having considered the record in this case, the Court finds that the defendant is ineligible for a sentence reduction pursuant to Amendment 821. Although the defendant had zero criminal history points, his offense of conviction -- murder while engaged in a narcotics conspiracy -- involved the use of violence and necessarily resulted in death. In fact, defendant received a two-point enhancement pursuant to §3A1.3 of the Sentencing Guidelines because the offense "involved the restraint of the victim, who was kidnapped and restrained prior to being murdered." ECF No. 217 at 9. Thus, both the use of violence and the resulting death are independently sufficient reasons to disqualify Perez from receiving a sentence reduction under Amendment 821. The United States Probation Department reached the same conclusion when it issued a report finding that the defendant is not eligible for a sentence reduction. See id. at 2-3.

Accordingly, this motion is denied. The Clerk of Court is respectfully instructed to terminate the motion pending at ECF No. 216 and mail a copy of this decision to Perez (Reg. No. 39347-198) at Victorville Medium I FCI in Victorville, California.

**SO ORDERED.**

Dated:   March 27, 2024
        New York, New York

                                      NAOMI REICE BUCHWALD
                                      UNITED STATES DISTRICT JUDGE